## STATE COURT OF APPEALS—Continued

No. 260

### ICIAFANO v. ZANGERLE et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5990. Decided Dec. 7, 1925

661. INTOXICATING LIQUORS—Single sale of, does not constitute trafficking in intoxicating liquors.

SULLIVAN, J.

John Zangerle, Cuyahoga County Auditor made an assessment of $1200 against the property of Maria Iciafano and her husband, known as the liquor tax against such premises. The premises in question had always been used for the purpose of a grocery store.

From the evidence, it seems that the husband purchased from wholesalers a quantity of red grape cider which was later offered for sale by the wife, a sale actually having been made to two dry agents, and the liquid, upon chemical analysis, was found to contain more than 1½% alcoholic content.

It further appears that while the husband was confined in a sanitarium the wife was arrested, and pleaded guilty to the charge of trafficking in intoxicating liquor, notwithstanding one sale only, was made. By reason of this plea of guilty the property was put upon the tax duplicate and it was sought to collect taxes, upon this state of the record, from proceeds of the sale of the property.

The cause came into the Court of Appeals on appeal and the Court in passing upon the question decided:

1. A single sale of intoxicating liquor does not constitute a traffic in such liquor.

2. Iciafano's plea of guilty was to the commission of an act not specifically a crime under the charge of trafficking in intoxicating liquors; therefore pleading guilty to a charge of which she was innocent.

Decree ordered in favor of Iciafano.

Attorneys—Turney & Sipe for Iciafano; E. C. Stanton for Zangerle et; all of Cleveland.

No. 261

### ECKFIELD, Aud. et v. STATE

Ohio Appeals, 7th Dist., Columbiana Co.

No. 313. Decided Dec. 3, 1925.

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

747. MANDAMUS—Mandamus will not issue against an auditor as fiscal officer of a city to compel him to make the certificate mentioned in 2295-8 GC., certifying that there is not sufficient funds in city treasury.

PARDEE, J.

Jesse Stone brought an action in mandamus to compel Fred Eckfield, the auditor of the city of Wellsville, to certify to the City Council that it did not have sufficient funds to pay a judgment held by Stone, and that he demand that the council issue bonds in accordance with powers granted in 2295-8 GC., and the money derived therefrom be used in payment of his judgment.

The city filed an answer alleging fraud by Stone and connivance with the former city solicitor in obtaining the judgment and asked that the enforcement of judgment be enjoined.

The Columbiana Common Pleas held for Stone, and Eckfield prosecuted error to the Court of Appeals which held:

1. Since the judgment has been declared valid, the court will presume that the auditor made said certificate as required by law as stated in 5649-1 GC. but that if has not, he was justified in withholding the making of the same under the facts shown by the record until the validity of the judgment had been established.

2. By 2295-8 GC., no duty is specifically enjoined upon the auditor to make said certificate. He may do so or not, at his discretion. He is not required to use his discretion, but the section states that after he has made such certification, the council then may act.

3. A court in all actions in mandamus could not compel said officer to use his discretion, even though he were required to use same as to whether or not he should issue the certificate.

4. Judgment of lower court sustained as to the validity of the judgment rendered in favor of Stone against the city of Wellsville, but reversed as to the mandamus action.

Judgment accordingly.

Pardee, Washburn and Funk, JJ., of 9th District sitting by assignment.

Attorneys—G. D. Ingram of Wellsville, and Jones, Hill & Davidson and Charles Boyd of East Liverpool for pltf.; W. A. O'Grady of Wellsville for deft.